**David B. VOGT, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE and United States of America, Defendants.**

**Civ. A. No. 43143.**

United States District Court
E. D. Pennsylvania.

Oct. 26, 1967.

v.

Doyle CONNER, Commissioner of Agriculture of the State of Florida, Defendant.

Civ. A. No. 1033.

United States District Court
N. D. Florida,
Tallahassee Division.

Jan. 15, 1968.

David B. Vogt, in pro. per.

Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

JOHN MORGAN DAVIS, District Judge.

The plaintiff has instituted a suit against the United States on a rather curious cause of action. It is contended that the defendant is negligent for having failed to prosecute the plaintiff for income tax evasion after having been told by Internal Revenue agents in 1962 that a prosecution was forthcoming.

As a result of this impending action by the Government, the plaintiff alleges that he has been unable to keep steady employment and that this fact constitutes deprivation of property under the due process clause of the Fifth Amendment.

To redress this wrong, the plaintiff herein seeks damages of ten billion dollars, to be divided equally between the Democratic and Republican parties.

Before this Court is the defendant's motion to dismiss. Although the Government has presented formidable authority in support of lack of consent by the sovereign to be sued, under the circumstances herein presented, it is not necessary to explore this line of reasoning. No citizen possesses a "right" to be either criminally prosecuted, or to be named as defendant in a civil suit, both of which are possible under the Internal Revenue Code. Since no such "right" exists, then there can be no concomitant "duty" on the part of the Government for which damages can be awarded.